**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL DELOACH, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| MARIETTA POLICE DEPT, | : | CIVIL ACTION NO. |
| OFFICER T. J. WALDRON, | : | 1:09-CV-0650-RWS |
|     Defendants. | : | |

**ORDER**

Defendants have removed Plaintiff Michael Deloach's civil rights action to this Court. (Doc. No. 1.) The matter is now before the Court on the complaint (Doc. No. 1, Attach.) for screening pursuant to 28 U.S.C. § 1915A, Plaintiff's motion to amend (Doc. No. 4), and Plaintiff's two motions for appointment of counsel (Doc. Nos. 5, 7).

**I.  28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) & (2).[1]  A claim is frivolous

---

[1] The screening provisions in 28 U.S.C. § 1915A apply to prisoner complaints against state officials, including complaints removed from state court.  See Painter v.

when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, _ U.S. _, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted).

---

Prison Health Servs., Inc., No. 08-1381, 2009 WL 1664357 at *3 (W.D. Pa. 2009).

2

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support

3

the alleged constitutional violation).  See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.     Discussion

Plaintiff brings this action against the Marietta Police Department and Officer T. J. Waldron.  (Doc. No. 1, Attach. "Statement of Claim.")  Plaintiff alleges that: Waldron stopped him for allegedly driving without a seatbelt; Waldron ordered him to exit his vehicle; Plaintiff resisted Waldron's attempt to grab his hand; Plaintiff (who was not under arrest at the time) walked around to the other side of his car; and, without warning, Waldron tasered Plaintiff in the back as he was walking to the other side of the car and tasered him again while he was lying on the ground.  (Id.)  Plaintiff complains that Waldron violated his constitutional right to be free from the use of excessive force and seeks damages.  (Id., Attach. "(Relief).")  Plaintiff also seeks to amend the amount of damages that he is seeking.  (Doc. No. 4.)

4

### A. Claims Against the Marietta Police Department

Subdivsions of local governments, such as police department, generally are not legal entities subject to suit. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, "are not usually considered legal entities subject to suit"); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that a department that is "merely the vehicle through which the [local] government fulfills its policing functions . . . is not an entity subject to suit"). Legal capacity to be sued is determined according to state law, Dean, 951 F.2d at 1214-15, and, based on Georgia law, the undersigned finds no basis for allowing Plaintiff to sue the Marietta Police Department, which department shall be dismissed from this action.

### B. Excessive Force Claims Against Officer Waldron

A state actor's use of excessive force against a suspect raises Fourth Amendment concerns regarding the right to be free from unreasonable seizures. See Graham v. Connor, 490 U.S. 386, 388 (1989). To determine whether the force used is "reasonable" requires a balancing of the nature of the intrusion on the suspect's Fourth Amendment interests with the governmental interests in using force, and "requires careful attention to the facts and circumstances of each particular case, including the

5

severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. In determining whether the force used was reasonable, this Court is mindful that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. (citing Terry v. Ohio, 392 U.S. 1, 22-27 (1968)). A single firing of a taser gun to effect an arrest has been found reasonable when an arrestee repeatedly had refused to comply with an officer's reasonable commands. Draper v. Reynolds, 369 F.3d 1270, 1277-78 (11th Cir. 2004). However, unnecessary force may be considered excessive force. See Lee v. Ferraro, 284 F.3d 1188, 1198-1200 (11 Cir. 2002) (holding that officer, who slammed secured arrestee's head into car, was not entitled to qualified immunity from excessive force claim); Slicker v. Jackson, 215 F.3d 1225, 1233 (11th Cir. 2000) (holding that officer, who beat and kicked subdued arrestee, was not entitled to qualified immunity from excessive force claim).

Here, for the purpose of a § 1915A review, Plaintiff's allegations–that Waldron tasered him without justification–state an excessive force claim. Accordingly, Plaintiff shall be allowed to proceed on the taser/excessive force claim against Waldron.

6

### III. <u>Motions to Appoint Counsel</u>

Plaintiff seeks appointment of counsel and states that he needs this Court to appoint counsel because he is not "well versed" in the law. (Doc. Nos. 5, 7.) Appointment of counsel in a prisoner civil rights action is a privilege that is justified only in "exceptional circumstances." <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993). Those circumstances may involve the complexity of factual and/or legal issues, whether the plaintiff's ability to navigate pre-trial procedures will limit his or her ability to present his or her case, and the plaintiff's access to legal help. <u>Id.</u> at 193-94.

This Court finds that, at this stage of the proceedings, Plaintiff is able to present adequately his interests to this Court. Accordingly, the motions to appoint counsel shall be denied at this time.

### IV. <u>Conclusion</u>

**IT IS ORDERED** that Plaintiff's motion to amend relief (Doc. No. 4) is **GRANTED**.

**IT IS ORDERED** that Plaintiff's motions to appoint counsel (Doc. Nos. 5, 7) are **DENIED** without prejudice. If this Court determines, at a later point in the proceedings, that Plaintiff requires appointed counsel, it will reconsider, <u>sua</u> <u>sponte</u>, Plaintiff's request.

7

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915A, (1) the Marietta Police Department is **DISMISSED** from this action and (2) Plaintiff's excessive force claims against Officer Waldron are **ALLOWED TO PROCEED** as in any other civil action.

Plaintiff is **DIRECTED** to serve upon Defendant or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or his counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED,** this  12th  day of August, 2009.

_____
**RICHARD W. STORY**
United States District Judge

8